

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-77,073

### JOSEPH KENNETH COLONE, Appellant

### v.

### THE STATE OF TEXAS

### ON DIRECT APPEAL FROM CAUSE NO. 10-10213
### IN THE 252ND JUDICIAL DISTRICT COURT
### JEFFERSON COUNTY

*Per curiam.*

### ORDER

The above-styled and numbered cause is pending before this Court as a result of appellant's capital murder conviction and resulting sentence of death in the 252nd Judicial District Court of Jefferson County, Cause No. 10-10213, styled The State of Texas v. Joseph Kenneth Colone. Appellant has filed in this Court a motion entitled "Motion to Abate Appeal and Remand for Completion and Correction of Appellate Record."

In his motion, appellant requests "copies of the juror information cards and questionnaires in this case." Appellant should first present his request for the disclosure

of this information to the trial court. *See* TEX. CODE CRIM. PROC. Art. 35.29.

Appellant further lists numerous other items that he contends are missing from the appellate record.[1] Because the trial court is in a better position to determine the accuracy of the record, we abate the appeal and remand this cause to the trial court to resolve this issue. The trial court is directed to make findings of fact regarding whether the items in question have been omitted from the record, and if so, whether they should be included. If the trial court determines that certain items need not be included in the record, then the trial court should state its reasons for making that determination. If the trial court determines that any relevant items have been omitted from the clerk's record or reporter's record, then the trial court shall direct the clerk and/or court reporter to prepare, certify, and file in this Court a supplemental record containing the omitted items. *See* TEX. R. APP. P. 34.5(c)(1) & 34.6(d).

The findings shall be made and any necessary supplements shall be filed within 30 days of the date of this order. Appellant's brief will be due in this Court within 30 days thereafter.

IT IS SO ORDERED THIS THE 13TH DAY OF JUNE, 2018.

Do not publish

---

[1] Appellant contends that some of the missing items include "an 11.07 writ of habeas corpus filed pro se . . . a pro se Writ of Mandamus and Motion for Defendant's Constitutional Right for Hybrid [R]epresentation among other pretrial motions." From the limited information before us, it appears that at least the first two of these pro se motions would be separate habeas and mandamus proceedings and would therefore not be included in record in this direct appeal. However, we ultimately leave it to the trial court to make that determination on remand.